# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARON P. BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-00097-SGC |
| | ) | |
| E-BOX ENCLOSURES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

On January 24, 2022, the plaintiff, Sharon Banks, filed a *pro se* complaint naming E-Box Enclosures, Inc., and Brooke Hundley as defendants.  (Doc. 1). Banks contemporaneously filed a motion to proceed *in forma pauperis* requesting (1) to commence this employment discrimination action without prepayment of fees or costs or the giving of security and (2) the appointment of an attorney to represent her in this action.  (Doc. 2).  For the reasons discussed below, Banks's motion to proceed *in forma pauperis* is due to be denied in its entirety.  Moreover, to the extent Banks pays the filing fee to commence this action or files an amended motion to proceed *in forma pauperis* demonstrating her inability to pay the fee, she will be required to file an amended complaint.

### I. Request to Commence Action Without Payment of Filing Fee

"There is no question that proceeding *in forma pauperis* is a privilege, not a right . . ."  *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).  "A district court has

wide discretion in ruling on a [motion to proceed *in forma pauperis*] and should grant the [*in forma pauperis*] privilege 'sparingly' in civil cases for damages." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 916 (11th Cir. 2014) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004)). Nonetheless, in denying a motion to proceed *in forma pauperis*, "'a court must not act arbitrarily[,] [n]or may it deny the [motion] on erroneous grounds.'" *Martinez*, 364 F.3d at 1306-07 (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)).

A plaintiff "need not show [she] is 'absolutely destitute' to qualify for indigent status under § 1915." *Martinez*, 364 F.3d at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Id.* A court should compare the plaintiff's assets to her liabilities to determine whether she has satisfied the poverty requirement. *Thomas*, 574 F. App'x at 917 (citing *Martinez*, 364 F.3d at 1307-08).

Banks's motion to proceed *in forma pauperis* indicates she is presently employed, earning $611.60 per week. (Doc. 2 at 1). In the past twelve months, she earned $9,771.22 as wages, salary, commissions, or earned income of any kind, and she has $3,800.00 in a bank account. (*Id.* at 2). Her monthly mortgage payment is

$440.00, and she is $4,500.00 behind on those payments due to Covid-19.  She does not list her other monthly debt payments but notes she owes $2,000.00 to Citibank for a credit card and $70,000.00 in student loans. (*Id.*).  She has no dependents.  (*Id.*).

Banks's approximate monthly income ($611.60 per week × 4 weeks = $2,446.40 per month) exceeds her listed monthly expenses ($440.00 per month) by roughly $2,000.00.  Because Banks did not include information regarding the monthly payments to Citibank and for her student loans, the court cannot fully compare Banks's monthly income to her expenses and, thus, currently cannot conclude she is unable to pay the $402.00 fee to commence this action.

The 2021 Poverty Guidelines set by the U.S. Department of Health and Human Services ("HHS") also weigh against a finding of poverty based on the currently-available information. HHS set an annual income of $12,880.00 as the poverty threshold for a household of one in 2021, *see* https://aspe.hhs.gov/2021-poverty-guidelines, and set $12,760.00 as the corresponding threshold in 2020, *see* https://aspe.hhs.gov/2020-poverty-guidelines.   Banks's income for the twelve months preceding the filing of her complaint was $9,771.22 and, therefore, does fall below the 2021 poverty threshold.  However, projecting her $611.60 weekly income over a fifty-week work year, her income for the next twelve months should exceed the 2020 and 2021 poverty thresholds considerably: ($611.60 per week × 50 weeks = $30,580.00).  A comparison of Banks's approximate annual income to the 2020

3

and 2021 poverty thresholds set by HHS is not, alone, a sufficient basis for denying her *in forma pauperis* status.  *See Thomas*, 574 F. App'x at 917 (holding magistrate judge's sole reason for denying motion to proceed *in forma pauperis* – that plaintiffs' annual income exceeded poverty threshold set by HHS – was insufficient to deny motion because "litigants need not show that they are 'absolutely destitute' to qualify for [*in forma pauperis*] status under § 1915").  The court does, however, consider the comparison persuasive evidence to the extent it reinforces the conclusion yielded by analyzing the limited information Banks provided concerning her monthly income and expenses.

For the foregoing reasons, Banks's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED WITHOUT PREJUDICE** to the extent it seeks to commence this action without payment of the filing fee.  If Banks wishes to pursue this action, she shall, within twenty-one (21) calendar days from the entry date of this order, either (1) pay the $402.00 filing fee or (2) file an amended motion to proceed *in forma pauperis* providing additional information she believes demonstrates her inability to pay the fee.

## II. Request for Appointment of Attorney

A court may appoint counsel for a civil litigant who cannot afford representation but is not required to do so.  § 1915(e)(1); *Sims v. Nguyen*, 403 F. App'x 410, 414 (11th Cir. 2010).  A civil litigant does not have an absolute

constitutional or statutory right to the appointment of counsel, and a court has broad discretion in making that decision. *Sims,* 403 F. App'x at 414; *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987); *Hicks v. Ferrero*, 285 F. App'x 585, 587 (11th Cir. 2008). A court should not appoint counsel absent exceptional circumstances. *Hicks*, 285 F. App'x at 587. Exceptional circumstances may exist "'where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.'" *Sims,* 403 F. App'x at 414 (quoting *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990)). Pending receipt of a filing fee or amended motion to proceed *in forma pauperis* demonstrating Banks's inability to pay the fee and because, as discussed below, it presently appears Banks has not stated a claim for relief, Banks's motion to proceed *in forma pauperis* (Doc. 2) is also **DENIED WITHOUT PREJUDICE** to the extent the court declines to appoint an attorney to represent the plaintiff in this action at this time.

## III. Deficiencies in Complaint

Assuming Banks pays the filing fee or files an amended motion to proceed *in forma pauperis* demonstrating her inability to pay the fee, she will be required to file an amended complaint.

### A. Legal Standard

When a plaintiff is granted *in forma pauperis status*, a court shall review the plaintiff's complaint and must dismiss it *sua sponte* if it is "frivolous or malicious,"

"fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). "A claim is frivolous if it is without arguable merit either in law or fact." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010).  A district court has discretion to dismiss a complaint "when it appears the plaintiff has little or no chance of success," meaning review of the face of the complaint leads the district court to conclude "the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotation marks omitted) (discussing § 1915(d), now § 1915(e)(2)(B)(i)).

Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  Dismissal under Rule 12(b)(6) is appropriate if a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "'[L]abels and conclusions,'" "'a formulaic recitation of the elements of a cause of action,'" and "'naked assertion[s] devoid of further factual enhancement'" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Nonetheless, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. U.S.,* 148 F.3d 1262, 1263 (11th Cir.1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas*, 393 F. App'x 635, 637 (11th Cir. 2010).

**B. Allegations of Complaint**

Banks complains she has been discriminated against because of her color, but she does not identify her color. (Doc. 1 at 5). Banks alleges the following facts: on September 5, 2019, Banks was demoted from AP[1] manager, and the position was instead given to a white employee with no AP experience. (*Id.* at 4). On July 5, 2020, while Banks was the AP clerk who handled checks, she was not allowed to open mail or retrieve mail from the mailbox in order to retrieve checks. (*Id.*).[2] Instead, the checks were added up and given to her by a white AP employee. (*Id.*). According to Banks, the white AP clerk who previously held the position was

---

[1] Based on other information in the complaint, the court assumes this stands for accounts payable.

[2] It is not clear whether Banks is claiming this was a single occurrence or a permanent change in her responsibilities which began on this date.

permitted to retrieve mail from the mailbox and add her own checks, but Banks was subject to a different set of rules in her role as an AP clerk. (*Id.* at 5). Banks complained to her boss, but he took no action. (*Id.*). Banks claims she was forced to quit because the conditions of her employment were unbearable. (*Id.* at 6). She believes the defendants continue to discriminate against her, asserting that despite her years of experience, she has not been able to obtain another job in the accounting field of work and had to accept a job in retail for less pay. (*Id.* at 5-6).

Banks filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on December 11, 2020. (*Id.* at 5). The EEOC dismissed the charge and issued Banks her notice of suit rights, which she received on December 23, 2021. (Doc. 1 at 5; Doc 4). Banks filed her complaint in this district court on January 24, 2022. (Doc. 1 at 1).

Banks names E-Box Enclosures, Inc., and Brooke Hundley (who she identifies as HR manager) as defendants. (*Id.*). She identifies Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as the basis for this district court's jurisdiction. (*Id.* at 3). She asserts (1) the unequal terms and conditions or her employment and (2) retaliation as the discriminatory conduct of which she complains. (*Id.* at 4). She claims color as the basis of the discrimination against her. (*Id.* at 5).

## C. Discussion

Title VII prohibits an employer from discriminating against a person based on several factors, including color.  42 U.S.C. § 2000e-2(a)(1).  There are two theories of intentional discrimination under Title VII: disparate treatment discrimination and pattern or practice discrimination.  *Burke-Fowler v. Orange Cty., Fla.*, 447 F.3d 1319, 1322 (11th Cir. 2006).  A third theory of discrimination under Title VII prohibits neutral employment practices that, although non-discriminatory on their face, have an adverse, disproportionate impact on a statutorily protected group. *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1274 (11th Cir. 2000).  Banks makes no allegations regarding a pattern or practice of discrimination or an employment practice that adversely and disproportionately impacts her protected class, and so her claims will be analyzed as alleging disparate treatment.

### 1. Disparate Treatment Claims

Disparate treatment claims come in two forms: (1) those involving a "'tangible employment action,'" such as termination, and (2) those alleging a "'hostile work environment' that changes 'the terms and conditions of employment,'" even though the employee does not suffer a tangible employment action. *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010) (quoting *Hulsey v. Pride Rests., LLC*, 367 F.3d 1238, 1245 (11th Cir. 2004)).

A plaintiff may establish a Title VII disparate treatment claim with direct or

circumstantial evidence of discrimination. *Burke-Fowler*, 447 F.3d at 1323. Direct evidence tends to prove the existence of a fact without inference or presumption. *Id.* "[D]irect evidence of discrimination [is] evidence which reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." *Damon v. Fleming Supermarkets of Fla.*, 196 F.3d 1354, 1358 (11th Cir. 1999). "The evidence must indicate that the complained of-employment action was motivated by the decision-maker's racial animus." *Williamson v. Adventist Health Sys./Sunbelt, Inc.*, 372 F. App'x 936, 940 (11th Cir. 2010) (internal quotation marks and alterations omitted). "[O]nly the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of [an impermissible factor] will constitute direct evidence of discrimination." *Damon*, 196 F.3d at 1359 (internal quotation marks omitted).

A statement or action that suggests, but does not prove, a discriminatory motive is circumstantial evidence. *Id.* Disparate treatment claims based on circumstantial evidence are evaluated under the *McDonnell Douglas* burden-shifting framework. *Burke-Fowler*, 447 F.3d at 1323. Under this framework, a plaintiff establishes a *prima facie* case involving a tangible employment action by showing (1) she belongs to a protected class, (2) she suffered an adverse employment action,

(3) her employer treated similarly situated employees outside of her class more favorably,[3] and (4) she was qualified to do the job. *Id.*

Banks alleges no statement or conduct that would constitute direct evidence of color discrimination. *Compare Dixon v. Hallmark Cos., Inc.*, 627 F.3d 849, 855 (11th Cir. 2010) (noting the Eleventh Circuit has held that documents stating " 'Fire Early – he is too old'" and " ' Fire Rollins – she is too old'" constitute direct evidence of discrimination), *with Tomczyk v. Jocks & Jills Rests., LLC*, 198 F. App'x 804, 810 (11th Cir. 2006) (holding that use of racially derogatory comments not directly linked to decision to terminate plaintiff served as circumstantial evidence of discrimination at best). Thus, Banks's claims are analyzed as based on circumstantial evidence based on the *McDonnell Douglas* framework.

### a. Demotion

At this stage of this proceeding, Banks's allegations she was demoted from AP manager after being hired for the position and replaced with a white employee could satisfy part of the pleading requirements for a color-based disparate treatment claim that relies on circumstantial evidence. However, there are two immediate problems with Banks's claims. First, Banks has failed to identify the protected class

---

[3] The Eleventh Circuit recently clarified the standard for determining whether an employee is similarly situated to a plaintiff (*i.e.*, a valid comparator). *See Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1218, 1224-29 (11th Cir. 2019) (holding comparator must be similarly situated to plaintiff "in all material respects").

to which she belongs.  In other words, she has not explicitly stated she is not white nor has she identified her color or any other protected class to which she belongs.

Second, Banks's complaint about her demotion appears to be time-barred. Banks was demoted on September 5, 2019.  (Doc. 1 at 4).  An Alabama plaintiff must file a charge of discrimination with the EEOC within 180 days of the challenged conduct.  *See Ledbetter v. Goodyear Tire & Rubber Co*., 421 F.3d 1169, 1178 (11th Cir. 2005).  Here, Banks identifies an EEOC charge filed on December 11, 2020, which was more than 180 days after her alleged demotion on September 5, 2019.  Thus, from the face of the complaint, it appears Banks's claims regarding her demotion are untimely.

### b. Change in job responsibilities

Banks's allegations about the change in her job responsibilities also do not currently state a claim upon which relief can be granted.  First, as discussed above, Banks has not established she belongs to a protected group, which is necessary to demonstrate a disparate treatment claim.  Further, as currently pled, Banks's change in job responsibilities does not, by itself, qualify as an adverse employment action. Banks's complaint about the change in responsibility is aimed at her work assignments, and such claims are not favored in the Eleventh Circuit.  *See Kidd. v. Mando Am. Corp.*, 731 F.3d 1196, 1203 (11th Cir. 2013) (holding that a loss of supervisory responsibility, rather than a loss of salary or benefits, is not "materially

adverse as viewed by a reasonable person in the circumstances"); *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1245 (11th Cir. 2001) ("In the vast majority of instances, however, we think an employee alleging a loss of prestige on account of a change in work assignments, without any tangible harm, will be outside the protection afforded by [Title VII].") (*overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 52 (2006) *as recognized by Minnifield v. City of Birmingham Dep't of Police*, 791 F. App'x 86, 90 (11th Cir. 2008)). Absent additional facts that might tend to demonstrate a "materially adverse" change in the conditions of her employment or further shed light on the circumstances surrounding the change in assignment, a reassignment of responsibilities in the handling of mail and checks is not an adverse employment action and thus does not support a claim for disparate treatment.

### 2. Hostile Work Environment Claims

A plaintiff establishes a hostile work environment claim under Title VII by showing (1) she belongs to a protected group, (2) she has been subjected to unwelcome harassment, (3) the harassment was based on a protected characteristic, such as race or sex, (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment and create a discriminatorily abusive working environment, and (5) her employer is responsible for such environment under a theory of direct or vicarious liability. *See Adams v. Austal, U.S.A., L.L.C.,*

754 F.3d 1240, 1248-49 (11th Cir. 2014) (race); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (sex).

As previously discussed, Banks's complaint does not establish that she belongs to a protected group. She must affirmatively allege membership in a protected group to state a claim for hostile work environment. Assuming, without deciding, the change in her responsibilities constitutes harassment, Bank's allegation she was not permitted to open mail or retrieve checks from the mailbox does not, by itself, support a claim she suffered sufficiently severe or pervasive harassment based on a protected characteristic. Thus, she has not stated a claim for hostile work environment. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (noting that "isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'").

### 3. Retaliation Claims

Title VII also prohibits an employer from retaliating against an employee "because [s]he has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). Absent direct evidence of retaliation, courts use the *McDonnell Douglas* burden-shifting framework to analyze retaliation claims. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010). Under this framework, a plaintiff establishes a *prima facie* case of retaliation under Title VII by showing (1) she engaged in an activity protected under Title VII, such as reporting

14

harassment or other discrimination based on a protected characteristic, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse employment action. *See id.*

To show she engaged in an activity protected under Title VII, a plaintiff is not required to show her employer actually engaged in unlawful employment practices, but she must demonstrate she had a good faith, reasonable belief that the employer was doing so. *See Berman v. Orkin Exterminating Co.*, 160 F.3d 697, 702 (11th Cir. 1998); *Wu v. Thomas*, 863 F.2d 1543, 1549 (11th Cir. 1989). Absent factual development of Banks's claims about the timing of and sequence of events surrounding her complaint to her boss, as well as the change in her job responsibilities, her bare allegation she reported this occurrence to her boss fails to support a plausible inference she had a good faith, reasonable belief she was subjected to retaliatory employment practices prohibited under Title VII. Additionally, Banks has not identified any adverse employment action that came as a result of this complaint, nor has she pled facts that suggest a causal connection between the complaint and any adverse action. Thus, Banks's current allegations do not support a reasonable inference that she suffered retaliation.

### 4. Constructive Discharge

A liberal reading of Banks's complaint indicates she may also seek to state a claim for constructive discharge, which under Title VII, is tantamount to an actual

discharge and constitutes an adverse employment action. *See Green v. Brennan*, 578 U.S. 547, 555 (2016). To show a constructive discharge, Brown must demonstrate she was discriminated against by her employer to the point where a reasonable person in her position would have felt compelled to resign. *See id.; see also Davis v. Legal Servs. Alabama, Inc.*, 19 F.4th 1261, 1268 (11th Cir. 2021) (observing that in order to find constructive discharge, an employer must deliberately make working conditions intolerable).

The above analysis concludes that Banks's allegations as currently pled do not lend themselves to a finding of discriminatory harassment, and that analysis applies equally to this claim. Absent additional facts to shed light on the circumstances, a demotion and change in work assignments is insufficient to support a conclusion that Banks was subject to deliberate, intense, intolerable harassment in the course of her employment. Thus, her current allegations do not support a reasonable inference that she was constructively discharged.

### 5. Claims Against Brooke Hundley

Banks includes Brooke Hundley as a named defendant. (Doc. 1 at 2). She notes Hundley is the HR manager (*id.*), but the complaint is otherwise silent as to what conduct Hundley may have engaged in or the nature of Banks's claims against Hundley. Banks has pled no facts that would permit the court to draw a reasonable

inference Hundley has engaged in any misconduct or that she may be held liable for any misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### D.     Conclusion

For the foregoing reasons, Banks's complaint fails to state plausible claims for color-based disparate treatment, a hostile work environment, or retaliation. Therefore, to the extent Banks pays the filing fee or files an amended motion to proceed *in forma pauperis*, she is **ORDERED** to file an amended complaint that corrects the deficiencies identified above.  The amended complaint must bear the case number "2:22-cv-00097-SGC" on the first page and must be filed within twenty-one (21) days from the entry date of this order.  The amended complaint must refer to the federal statute or statutes being invoked, comply with the *Federal Rules of Civil Procedure*, and be suitable for service on the defendant or defendants named therein.  In the amended complaint, Banks must clearly set forth the facts concerning any incident(s) about which she complains.  Specifically, she must (1) identify each defendant she alleges participated in the violation of her rights; (2) describe what each defendant did that amounted to a violation of her rights; (3) state when and where the incidents underlying the violation of her rights occurred; (4) describe how the acts and/or omissions of each defendant resulted in harm to her; (5) identify the nature of that harm (e.g., loss of money, income, or property, or interference with her right to engage in or refrain from some activity); and (6) state the relief she seeks

(e.g., compensatory and/or punitive damages or some form of injunctive relief, including any request for attorneys' fees, costs, and expenses).  Conclusory and general assertions are insufficient to state a claim on which relief may be granted. *See Iqbal*, 556 U.S. at 678.  The amended complaint must include all of Banks's claims in this action and must not refer back to the original complaint.  Only claims set forth in the amended complaint will be considered.

Failure to comply with this order within the time prescribed may result in the dismissal of all claims for want of prosecution.  *See* Fed. R. Civ. P. 41(b).  Service of process will not begin until the issues identified in this order are resolved.

**DONE** this 10th day of February, 2022.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE